812 F.2d 393
 48 Fair Empl.Prac.Cas. 504,
42 Empl. Prac. Dec. P 36,919, 7 Fed.R.Serv.3d 107
 Charles O'CONNELL, Appellee/Cross-Appellant,
v.
CHAMPION INTERNATIONAL CORP., Appellant/Cross-Appellee.
Harold E. KEATING, Appellee,
v.
CHAMPION INTERNATIONAL CORP., Appellant.
John H. LYNCH, Appellant/Cross-Appellee,
v.
CHAMPION INTERNATIONAL CORP., Appellee/Cross-Appellant.
 Nos. 86-5063 to 86-5066, 86-5081.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 16, 1986.
Decided Feb. 19, 1987.
 
 John M. Mason, Minneapolis, Minn., for appellant.
 Gary L. Huusko, St. Paul, Minn., for appellee.
 Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 In these actions, which were brought under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. Sec. 621 et seq., the District Court[1] granted summary judgment against all three plaintiffs but refused to award sanctions against them under Fed.R.Civ.P. 11 and 28 U.S.C. Sec. 1927. Champion International Corporation appeals the Court's refusal to sanction the plaintiffs, and plaintiffs Charles O'Connell and John H. Lynch cross-appeal the summary judgment. We affirm.
 
 I.
 
 2
 We first discuss the cross-appeals. The Court granted summary judgment on the ground that the plaintiffs' actions are barred by the statute of limitations. Section 7(e) of the ADEA, 29 U.S.C. Sec. 626(e), incorporates the limitations period set out in the Portal-to-Portal Act of 1947, 29 U.S.C. Sec. 255, which is two years unless the allegedly illegal conduct was "willful," in which case the period is three years. The period runs from the time the defendant takes the allegedly discriminatory actions and the plaintiff learns of them. See Delaware State College v. Ricks, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980). The period ends when the plaintiff "commences" his action. 29 U.S.C. Sec. 255. An action may be commenced in either of two ways. If the plaintiff brings an individual action, commencement occurs when he files a complaint. 29 U.S.C. Sec. 256(a). If the plaintiff joins a pending class action, his action commences when he opts into the action by filing written consent with the court in which the action is pending. 29 U.S.C. Sec. 256(b).
 
 
 3
 Here O'Connell and Lynch alleged that Champion involuntarily terminated older employees; limited, segregated, and classified older employees in a way that diminished their employment opportunities; and discriminated against older employees with respect to privileges of employment. O'Connell received notice of termination on, at the latest, February 27, 1977 and filed a complaint on February 23, 1983. He does not claim that any of the alleged discriminatory acts were concealed from him or that he learned of them after February 27, 1977. Nor does he contend that he commenced his action before February 23, 1983. Thus, even assuming the three-year statute applies, the District Court correctly held that his action is barred by limitations. Similarly, Lynch received notice of termination in April 1981 and does not claim that any of the alleged discrimination was concealed or communicated to him after then. He does claim that he remained an employee until August 1, 1981, but that argument misses the point: he knew of the termination and the alleged discrimination in April 1981. See Delaware State College v. Ricks, 449 U.S. at 259-61, 101 S.Ct. at 504-06. Lynch opted into an existing class action in July 1984, and he does not claim that he commenced his action any earlier than then. Again, even assuming the three-year period applies, the District Court was correct to find his action barred.
 
 
 4
 O'Connell and Lynch make a number of other arguments in an attempt to avoid the limitations bar, but none is successful. It is argued, for example, that the complaints should relate back to the time of the filing of an earlier action. See Fed.R.Civ.P. 15(c). The District Court held, and we agree, that the relation-back doctrine must yield in ADEA cases to the specific provision of 29 U.S.C. Sec. 256 that an action may be commenced only by the filing of a complaint by a named individual, or by his affirmatively opting into a previously commenced class action. Plaintiffs argued that this particular provision of the Fair Labor Standards Act had not been expressly incorporated by reference into the ADEA. This Circuit had never ruled on the point, and plaintiffs were entitled to urge it, but we agree, for the reasons given by the District Court, that it is without merit. The District Court was correct to grant summary judgment against plaintiffs.
 
 II.
 
 5
 Champion appeals the Court's denial of its motion for sanctions under Fed.R.Civ.P. 11 and 28 U.S.C. Sec. 1927. Champion argues that sanctions are required because, it claims, each plaintiff brought his action knowing that the statute of limitations would provide a good defense. It argues further that O'Connell had released all possible claims against Champion when he was terminated and knew that the release would provide another good defense in his action. The District Court heard these arguments and rejected them.
 
 
 6
 Champion argues here that the District Court in effect had no discretion to deny sanctions. We disagree. Rule 11 makes sanctions mandatory when a violation of the Rule occurs, but whether a violation has occurred is a matter for the court to determine, and this determination involves matters of judgment and degree. The issue is whether the person who signed the pleading conducted a reasonable inquiry into the facts and law supporting the pleading. Determining whether Sec. 1927 has been violated involves a similar issue: whether an attorney unreasonably and vexatiously multiplied the proceedings. Although the statute of limitations in the end provided a good defense, the District Court concluded that neither Rule 11 nor Sec. 1927 was violated because the plaintiffs had nonfrivolous legal arguments for avoiding the limitations bar. This determination that the plaintiffs' conduct was justified rests upon and is informed by the District Court's intimate familiarity with the case, parties, and counsel, a familiarity we cannot have. Such a determination deserves substantial deference from a reviewing court. Judged by this standard, the District Court's decision to deny sanctions is not so far out of bounds as to justify our coming to a different conclusion at the appellate level. The imposition of sanctions is a serious matter and should be approached with circumspection. This is the attitude that underlies the District Court's opinion, and we agree with its approach.
 
 
 7
 Champion also claims that the District Court erroneously used a subjective bad-faith standard, rather than an objective reasonableness standard, in its Rule 11 and Sec. 1927 determination. This argument focuses on a statement in the Court's opinion that O'Connell's action was "not pressed in bad faith," McKenna v. Champion International Corp., No. 3-84-1616, slip op. at 6 (D.Minn. Jan. 6, 1986). We have reviewed the Court's opinion and are satisfied that the Court applied the correct legal standard. The District Court certainly knew that Rule 11 and Sec. 1927 contain objective standards.[2] Id. at 4-5. In addition to applying the objective standards of Rule 11 and Sec. 1927, the District Court applied a subjective bad-faith standard to determine whether sanctions were available under its inherent powers. See id. at 4. This simultaneous application of objective and subjective standards appears to have given rise to the language that Champion finds objectionable. As we read the District Court's opinion, however, it is apparent that the Court applied the correct objective standard under Rule 11 and Sec. 1927.
 
 
 8
 Affirmed.
 
 
 
 [1]
 The Hon. Robert G. Renner, United States District Judge for the District of Minnesota
 
 
 [2]
 We do not hold that Sec. 1927 contains only an objective standard, as opposed to both an objective and subjective standard. The words of the statute require unreasonable and vexatious conduct. 28 U.S.C. Sec. 1927. Whether this requires a finding of bad faith in addition to unreasonable conduct is a question that is not before us